TRULINCS 65266054 - WASHINGTON, RANDY JARVIL - Unit: BRO-G-B

FROM: 65266054
TO: Washington, Enjoil
SUBJECT: motion
DATE: 04/23/2014 09:10:27 PM

United States District Court

Southern District of New York

Randy Washington
   petitioner, pro-se

case # 1:11-cr-00605-RJS

v

United States of America
   respondent

Under Rule 60 (b) (4) of the Federal Rules of Civil Procedure
Motion to vacate and set aside void judgment of conviction

I, Randy Washington move this honorable court to vacate and set aside the judgment of conviction rendered in this case on 3/20/2012 on the ground that the judgment of conviction is null and void.

Statement of Facts

1) "No person shall be held to answer for a ... infamous crime, unless on a...indictment of a Grand Jury" 5th Amendment

2) Upon an individual's arrest in connect with the charges I was held to answer for "any...indictment charging an individual with the commission of an offense shall be filed with 30 days from the date on which such individual was arrested... [if none of the periods of delay enumerated in section 3161(h) of the Speedy Trial Act are] excluded in computing the time within which an...indictment must be filed "18 USC 3161 (b) and (h)

3) On 06/16/2011 I was arrested in connection with the infamous crimes I was held to answer for

4) Within 30 days from my 06/16/2011 arrest none of the periods of delay enumerated in section 3161 (h) of the Speedy Trial Act extended the time within which an information or indictment was required by the Speedy Trial Act to be filed against me

5) No information or indictment was filed against me within the time limit required by section 3161(b) as extended by section 3161 (h) of the Speedy Trial Act.

   With the enumerated statement of facts being a fact the respondent was time barred from filing the indictment that contained the infamous crimes I was unconstitutionally held to answer fro thus the indictment filed with this honorable court on 8/22/2011 is untimely and thus null and void. Thus the arraignment proceeding was Coram non judice and thus void as was the trial before a jury of my peers.

Conclusion

   Because non compliance is not an option when Congress commanded that an indictment "shall" be filed with 30 days from my 6/16/2011 arrest being that none of the periods of delay enumerated in section 3161 (h) extended the 30 day arrest to indictment clock before it expired. I was unconstitutionally held to answer for the infamous crimes alleged in that untimely filed indictment thus the judgment of conviction is wholly null and void.

   According to Rule 32 (k) of the Federal Rules of criminal procedure "if the defendant... is otherwise entitled to be discharged, the court must order. The judge must sign the judgment, and the clerk must enter it." Therefore because this honorable court is governed by the Federal Rules of Criminal Procedure and the enumerated statement of facts in this motion are irrefutable, I Randy Washington am "entitled to be discharged" and this honorable court must so order it. For the Constitution secures my right not to be deprived of my life, liberty or property in violation of due process of law.

1 of 2

TRULINCS 65266054 - WASHINGTON, RANDY JARVIL - Unit: BRO-G-B
--------------------------------------------------------------------------------

2 of 2

Date 5/11/11

Respectfully Submitted,

X _____
petitioner, pro-se

TRULINCS 65266054 - WASHINGTON, RANDY JARVIL - Unit: BRO-G-B

---

FROM: 65266054
TO:
SUBJECT: Motion 2
DATE: 04/30/2014 08:57:40 PM

Randy Washington                  case # 1:11-cr-00605-RJS
   petitioner, pro-se
     v
USA
   respondent

## Addendum to Motion to Vacate Void Judgment

It is well settled "the absence of an indictment is a jurisdictional defect which deprives the court of its power to act. Such a jurisdictional defect cannot be waive, even by a plea of guilty." US v Cordoba-Murgas 442 F.3d 65, (2005 2nd Cir)

It is equally so that Congress has imposed a deadline within which an indictment must be filed. According to 18 USC 3282 (a) the indictment must be "found" within 5 years next after the date my alleged crime took place. However upon an individuals arrest in connection with such charge that DEADLINE is shortened by 4 year and 11 months if none of the periods of delay enumerated in section 3161 (h) of the Speedy Trial Act extends that 30 day DEADLINE before it expires. With that fact being so it is beyond any rational dispute that that DEADLINE is a JURISDICTIONAL DEADLINE.

The Supreme Court recently held in Dolan v United States, (2010) (see Exhibit A) "the expiration of a JURISDICTIONAL DEADLINE prevents the courts from permitting or taking the action to which the statute attached the DEADLINE. The prohibition is absolute. The parties cannot waive it nor can the court extend that DEADLINE for equitable reasons."

The record conclusively reveals that the "AFFIRMATION of Jessica Ortiz in support by USA as to [me]...requesting a 30-day continuance until 8/17/11" was MOOT being that the 30 day jurisdictional DEADLINE imposed by Congress (see section 3161 (b) of the Speedy Trial Act) within which an information or indictment was required to be filed against me had EXPIRED on July 17, 2011.

Thus the district court was prevented from "taking the action to which the [Speedy Trial Act] attached to the DEADLINE." Dolan, supra. That is the district court was wholly prohibited from granting that request for a 30 day continuance.

The district court was wholly without jurisdiction to to extend that JURISDICTIONAL DEADLINE for equitable reasons after its expiration on 7/17/2011.

According to Dolan, that "prohibition is absolute" and no party of case # 1:11-cr-00605-RJS was at liberty to waive it. With that fact being so that "Order to continue in the interest of justice as to [me]" issued on 7/18/2011 is null and void as is the Order to Continue issued on 8/17/2011 and the order to continue to 8/24/2011 thus the indictment filed on 8/22/2011 is untimely and thus void.

The Supreme Court held that "the defendant shall be given a copy of the indictment or information before being called upon to plead" Libretti v US, 516 US 29 (s.ct)

Thus this honorable court was prohibited from calling upon me to plead. The arraignment proceeding was and forever will be CORAM NON JUDICE.

Notwithstanding the aforestated fact My 6th Amendment right to "enjoy the right...to have the assistance of counsel for [my] defense" was abrogated thus this court was without jurisdiction to deprive me of my liberty.

In Johnson v Zerbst, 304 US 458 the Supreme Court held that "since the 6th Amendment constitutionally entitles one charged with a crime to the assistance of Counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a Federal Courts authority to deprive an accused of his life or liberty." They went on to say that "a judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction." (see exhibit B)

The Supreme Court In the landmark case of Strickland v Washington 466 US 668 that "a person who happens to be a lawyer is present at trial alongside the accused is NOT enough to satisfy the 6th Amendment, an accused is entitled to be ASSISTED

2 of 2

TRULINCS 65266054 - WASHINGTON, RANDY JARVIL - Unit: BRO-G-B
--------------------------------------------------------------------------------

by an attorney, whether retained or appointed."

Strickland, held that "the right to counsel is the right to the effective assistance of counsel... Counsel can deprive a defendant a defendant of the right to effective assistance of counsel simply by failing to render adequate legal assistance."

Strickland held that "In representing a criminal defendant counsel OWES the client a duty of loyalty, a duty to avoid conflicts of interest, a duty to advocate the defendants cause, a duty to consult with the defendant on important decisions, a duty to keep defendant informed of important developments in the course of the prosecution, and a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process."

## Statement of Facts

1) I never waived my constitutional right to enjoy the assistance of counsel

2) My lawyer never consulted me on the important decision to not object to the 3 request to extend the time to indict me

3) My lawyer failed to inform me that if I was not indicted within 30 days from my June 16th, 2011 arrest the charges contained in the complaint were required to be "dismissed or otherwise dropped"

It is beyond any rational dispute that my lawyer was wholly ineffective. He failed to render adequate legal assistance. Strickland concluded that "a convicted defendants claim that his counsels assistance was so defective as to require reversal of a conviction... has two components, each of which the defendant must show in order to set aside the conviction... (1) that counsels performance was deficient, which requires a showing that counsel was not functioning as the counsel guaranteed the defendant by the 6th Amendment and (2) that the deficient performance prejudiced the defense, which requires a showing the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, supra

With the aforestated being said the reasons why my counsels assistance was so defective as to require the reversal of my conviction. First my lawyer was not functioning as counsel guaranteed to me by the 6th Amendment when he failed to contest to the respondents request to extend the Speedy Trial Act's jurisdictional DEADLINE which were unlawfully granted due to the fact that this honorable court failed to set forth in the record of this case either orally or in writing, its reasons for finding that the ends of justice served by granting the respondents request for a continuance outweighed my best interest in a speedy trial.

It must not be overlooked or ignored that it is in no way, shape, or fashion in my best interest to give the respondent more time to file an indictment against me for it is in my best interest to be with my family and that fact is evident by the fact that I went to trial.

It is beyond any rational dispute that no competent person with children that he loves more than life itself (exhibit c) would knowingly give the respondent more than 30 days to file an indictment against him knowing that if an indictment was not filed within 30 days from the date of his arrest by law he could not be constitutionally be held to answer for the infamous crimes the respondent claims that he did.

My conviction must be reversed being that my lawyer's performance was so deficient that if prejudiced my defense to not be deprived of my liberty. My lawyer's error not objecting to the respondent's's request for more time to file an indictment against me was nothing less than a crime.

DATE 5\\\\

Respectfully Submitted,

x _____
petitioner, pro-se

*Dolan v United States, (2010 S. Ct.)*

(discussing use of term jurisdictional). **The expiration of a jurisdictional deadline prevents the court from permitting or taking <*pg. 117> the action to which the statute attached the deadline. The prohibition is absolute. The parties cannot waive it, nor can a court extend that deadline for equitable reasons**. See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-134, 128 S. Ct. 750, 169 L. Ed. 2d 591 (2008).

In other instances, we have found that certain deadlines are more ordinary claims-processing rules, rules that do not limit a court's jurisdiction, but rather regulate the timing of motions or claims brought before the court. Unless a party points out to the court that another litigant has missed such a deadline, the party forfeits the deadline's protection. See, e.g., Kontrick v. Ryan, supra, at 454-456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (60-day bankruptcy rule deadline for creditor's objection to debtor discharge); Eberhart v. United States, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (per curiam) (7-day criminal rule deadline for filing motion for a new trial).

In still other instances, we have found that a deadline seeks speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed. See, e.g., United States v. Montalvo-Murillo, 495 U.S. 711, 722, 110 S. Ct. 2072, 109 L. Ed. 2d 720 (1990) (missed deadline for holding bail detention hearing does not require judge to release defendant); Brock v. Pierce County, 476 U.S. 253, 266, 106 S. Ct. 1834, 90 L. Ed. 2d 248 (1986) (missed deadline for making final determination as to misuse of federal grant funds does not prevent later recovery of funds); Barnhart v. Peabody Coal Co., 537 U.S. 149, 171-172, 123 S. Ct. 748, 154 L. Ed. 2d 653 (2003) (missed deadline for assigning industry retiree benefits does not prevent later award of benefits).

After examining the language, the context, and the purposes of the statute, we conclude that the provision before us sets forth this third kind of limitation. [4]The fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution.

## B

Several considerations lead us to this conclusion. First, [5]where, as here, a statute does not specify a consequence for noncompliance with its timing provisions, federal courts will not in the ordinary course impose their own coercive sanction. United States v. James Daniel Good Real Property, 510 U.S. 43, 63, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993); see also Montalvo-Murillo, supra, at 717-721, 110 S. Ct. 2072, 109 L. Ed. 2d 720. Cf., e.g., Speedy Trial Act, 18 U.S.C. 3161(c)(1); 3162(a)(2) (statute specifying that missed 70-day deadline requires dismissal of

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Exhibit A*

indictment); Zedner v. United States, 547 U.S. 489, 507-509, 126 S. Ct. 1976, 164 L. Ed. 2d 749 (2006) (The sanction for a violation of the Act is dismissal).

"This Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate" 509 F 3d 107. Valenzuela Grullon v Mukasey. 8/30/07 (2nd Cir)

"Deadlines that define the courts jurisdiction may not be equitably tolled." (1st Cir) Neverson v Farquharson, 5/4/2004

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit A

*Johnson v Zerbst, 304 US 458*

**[5]Since the Sixth Amendment constitutionally entitles one charged with crime to the assistance of Counsel, compliance with this constitutional mandate is an essential jurisdictional prerequisite to a Federal court's authority to deprive an accused of his life or liberty.** When this

[304 US 468]

right is properly waived, the assistance of Counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by Counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost "in the course of the proceedings" due to failure to complete the court-as the Sixth Amendment requires-by providing Counsel for an accused who is unable to obtain Counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake.[22] If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus.[23] A judge of the United States-to whom a petition for habeas corpus is addressed-should be alert to examine "the facts for himself when if true as alleged they make the trial absolutely void."[24]

© 2014 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Exhibit 13

Randy Washington          case # 1:11-cr-00605-RJS
    petitioner, pro-se
        v
USA
    respondent

## Second Addendum to Motion to Vacate Void Judgment

1) According to rule 45 of the Federal Rules of Criminal Procedure "the following rules apply in computing the time...in any statute that DOES NOT specify a method of computing time.... When the period is stated in days...(c) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Rule 45 (a) F.R.Cr.P

### Statement of Facts

1) The speedy Trial Act is statute that DOES specify a method in computing time.

section 3161 (b) of the Speedy Trial Act SPECIFIES that "Any... indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested...in connection with such charges."

section 3161 (h) of the Speedy Trial Act specifies that "the following periods of delay shall be excluded in computing the time within which...an indictment MUST be filed."

2) Of all the periods of delay enumerated in section 3161 (h) of the Speedy Trial Act which "shall be excluded in computing the time within which... an indictment must be filed. Congress omits to include Saturday, Sunday, or legal holidays as a periods of delay which shall be excluded in computing the time within which an indictment must be filed or specify that if the last day within which an indictment must be filed is a Saturday, Sunday, or legal holiday the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

### Conclusion

With the aforesaid being a fact, the fact that the last day within which any indictment was required to be filed fell on a Saturday is irrelevant. Thus the order of the court issued on 7/18/2011 was and forever will be void thus the indictment filed on 8/22/2011 is untimely thus I was unconstitutionally held to answer for the infamous crimes I was unlawfully convicted of.

Date _____          Respectfully Submitted,

                               x_____
                                 Petitioner, pro-se