MEMO ENDORSED



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 14, 2014



USDS SD...
DOCU...
ELE...  ...LY FILED
DC
D    11/14/2014

**BY ELECTRONIC MAIL**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: **United States v. Randy Washington**,
    S3 11 Cr. 605 (RJS)

Dear Judge Sullivan:

The Government writes to advise the Court of recent developments in the above-captioned case, and to request the scheduling of a conference in the case. Following the Court's Memorandum and Order of July 31, 2014, David Gordon, Esq., counsel for the defendant, met with representatives of the U.S. Attorney's Office seeking sentencing relief for his client. After considering Mr. Gordon's request, on or about November 4, 2014, the Government offered the defendant a post-conviction sentencing agreement, in which the Government would agree to dismiss the second 924(c) count (which carries a mandatory consecutive 25-year sentence), in exchange for a Guidelines stipulation and a waiver of appellate and collateral attack rights, as contained in the Government's standard plea agreement.[1] The offer, if accepted, would result in the reduction of the defendant's mandatory minimum sentencing exposure from 50 years to 25 years.[2] On or about November 12, 2014, Mr. Gordon contacted me to inform me that he

---

[1] It should be noted that, as per the Government's policy, Mr. Gordon was advised that such a waiver would not prohibit the defendant from asserting on appeal or by collateral attack any claim of ineffective assistance by trial counsel or current counsel.

[2] As the Court is aware, the defendant was convicted of two counts of brandishing a firearm in connection with Hobbs Act robberies, resulting in consecutive sentences of seven and 25 years. However, because the jury did not make a special finding that a firearm was brandished in either instance, pursuant to the intervening Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), it is the Government's position that the first 924(c) conviction should result in a five-year sentence, rather than a seven-year sentence, resulting in a total mandatory minimum sentence of 50 years on the post-trial counts of conviction.

Hon. Richard J. Sullivan
November 14, 2014

communicated the Government's proposed offer to the defendant, and that the defendant has rejected the offer.

     In light of the procedural history of the case, the Government respectfully requests that the Court schedule a conference prior to any sentencing of the defendant, to permit the Court to allocute the defendant regarding his decision to reject the Government's offer. The parties are available any day next week to appear before the Court for such a conference.

     Please do not hesitate to contact me with any questions.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:    */s/ Christopher J. DiMase*
       Christopher J. DiMase
       Assistant United States Attorney
       (212) 637-2433

cc:   David Gordon, Esq.

```
IT IS HEREBY ORDERED THAT the parties shall
appear for a conference on Tuesday, November
18, 2014 at 3:00 p.m. in Courtroom 905 of the
Thurgood Marshall Courthouse.
```

SO ORDERED:
Dated: 11/14/2014

RICHARD J. SULLIVAN
U.S.D.J.

2