

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 20, 2020

**BY ECF**

The Honorable Richard J. Sullivan
United States Circuit Court Judge
Second Circuit Court of Appeals
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Randy Washington*
               S3 11 Cr. 605 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this brief letter pursuant to the Court's Order of April 8, 2020, directing the Government to respond to the defendant's letter postmarked March 17, 2020 (the "Letter"). The Court deemed the Letter as a request for early release or "in the alternative, a transfer to the Metropolitan Detention Center or Metropolitan Correctional Center In New York City so that he can be near his family." The defendant's request should be denied. The defendant has failed to submit any request at all to the Bureau of Prisons ("BOP"), let alone exhaust his administrative remedies. Moreover, the defendant fails to establish "extraordinary and compelling circumstances" and his request should also therefore be denied on the merits.

      **A. Relevant Law**

      Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling reasons" warranting such a reduction. *Id.* § 3582(c)(1)(A)(i). A motion under this provision may be made by either the BOP or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment. Indeed, as this Court recently explained, Section 3582(c)'s exhaustion requirement is "clear as day" and is therefore mandatory. *United States v. Ogarro*, No. 18 Cr. 373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020).

Letter to the Honorable Richard J. Sullivan
April 20, 2020

### B. Discussion

As a threshold matter, the defendant's request for early release must be rejected because the defendant has entirely failed to exhaust his administrate remedies. Nowhere in the Letter does the defendant indicate that he has made any request for early release to the BOP. That is unsurprising, given that an attorney with the legal department at USP Victorville—where the defendant is currently housed—has informed the Government that the facility has "not receive[d] any requests for a reduction in sentence from [the defendant]." Thus, the defendant has taken no steps whatsoever to exhaust his administrative remedies. Because such exhaustion is mandatory, the court lacks the authority to grant compassionate release at this time. *See Ogarro*, 2020 WL 1876300, at *3.

As to the merits, the defendant's proffered bases for release are far from "extraordinary and compelling" reasons, as required under Section 3582(c). 18 U.S.C. § 3582(c)(1)(A)(i). The defendant alleges, among other things, that: (1) a cooperating witness lied about his involvement in several robberies at trial; (2) his views regarding the sitting president have caused him trouble at his facility; and (3) his mother is on dialysis with failing kidneys, and his grandmother is 94 years old, and he does not know "how long they will be around." The first two proffered bases simply have no part in early release determinations, which are guided by the U.S. Sentencing Guidelines policy statement set forth in U.S.S.G. § 1B1.13 and its application notes—particularly Application Note 1, describing the meaning of the phrase "extraordinary and compelling reasons."

Nor does the defendant's third proffered basis for early release represent an "extraordinary and compelling" circumstance. "While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i)." *United States v. Goldberg*, No. CR 12-180 (BAH), 2020 WL 1853298, at *4 (D. D.C. Apr. 13, 2020) (denying compassionate release motion to care for elderly parents). Indeed, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.*"* *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release motion to care for defendant's ill mother). Moreover, the defendant does not allege that his release would facilitate the care of his mother or his grandmother, and even so, similarly fails to demonstrate that there is no person other than the defendant available to provide such care. *See Goldberg*, 2020 WL 1853298, at *4 ("Even if the policy statement could be stretched in some circumstances to cover a defendant's elderly parents, a critical consideration in this guidance is that no person other than the defendant is available to serve as a caretaker of a minor or incapacitated immediate family member."). Accordingly, the defendant's motion for early release should also be denied on the merits.

As to his request, in the alternative, to be transferred to the Metropolitan Detention Center ("MDC") or the Metropolitan Correctional Center ("MCC") in New York City to be near his family, the Court should decline to make such a recommendation to the BOP at the moment. In view of the broader, ongoing COVID-19 pandemic—and in particular, the scale of the COVID-19 outbreak in the New York City area—the Government submits that the Court should not make any recommendation to the BOP to transfer the defendant across the country from

Letter to the Honorable Richard J. Sullivan
April 20, 2020

Victorville, California.  The defendant would, of course, retain the right to submit a similar request at a later time, when conditions have changed.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

        By:                                
                                        Christopher J. DiMase
                                        Assistant United States Attorney
                                        (212) 637-2433

cc:     Randy Washington, USMS # 65266-054 (by U.S. mail)