UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RANDY WASHINGTON,

                 Defendant.

No. 11-cr-605 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

By letter postmarked March 17, 2020 and received by the Court on April 6, 2020, Defendant Randy Washington requests – as the Court understands his letter – early release or, in the alternative, a transfer to the Metropolitan Detention Center ("MDC") or Metropolitan Correction Center ("MCC") in New York City so that he can be near his family. (Doc. No. 163.) The government opposes the request. (Doc. No. 164.) Although Washington's letter is not styled as such, the Court has interpreted his request as one for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), or for a transfer. Because Washington has not exhausted his administrative remedies, his request for compassionate release is denied without prejudice. As to Washington's request for transfer, the authority to designate an inmate's place of imprisonment lies exclusively with the Bureau of Prisons ("BOP"), and not with this Court. *See* 18 U.S.C. § 3621. Accordingly, the Court also denies Washington's request to be transferred to the MDC or MCC.

On March 20, 2012, a jury convicted Washington on the following eight counts: conspiracy to commit robbery (Count One); robbery and attempted robbery (Counts Two, Three,

and Four); brandishing a firearm during the commission of a robbery (Counts Five[1] and Six); conspiracy to distribute and possess with intent to distribute narcotics (Count Seven); and illegally trafficking firearms (Count Eight). On December 18, 2014, the Court sentenced Washington principally to 324 months' imprisonment. (Doc. No. 130.) Washington appealed his conviction, and the Second Circuit affirmed. *See United States v. Bent*, 654 F. App'x 11, 14 (2d Cir. 2016). Subsequently, Washington filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which is pending. (Doc. No. 146.) Washington is currently incarcerated at USP Victorville in California.

To the extent that Washington's letter can be construed as a request for early release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), the Court is required to deny the request for lack of exhaustion. In *United States v. Ogarro*, No. 18-cr-373 (RJS) (S.D.N.Y. Apr. 14, 2020), ECF No. 666, the Court recently examined in detail section 3582(c)'s exhaustion requirement, determining that it unambiguously "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warned of the defendant's facility.'" *Id.* at 6 (quoting 18 U.S.C. § 3582(c)(1)(A)). The Court also concluded that it lacked the authority to waive the exhaustion requirement. *Id.* at 7–10.

Washington does not represent in his letter that he has even made a request for early release to the BOP. (*See* Doc. No. 163.) The government likewise notes that "an attorney with the legal department at USP Victorville . . . has informed the Government that the facility has 'not receive[d] any requests for a reduction in sentence from'" Washington. (Doc. No. 164 at 2.)

---

[1] Prior to sentencing, the government entered a *nolle prosequi*, which the Court ordered, to dismiss Count Five. (Doc. No. 129.)

Accordingly, because Washington has failed to exhaust his administrative remedies, the Court denies his request for compassionate release without prejudice.

As to Washington's request for a transfer to a facility closer to New York City, the Court notes that it previously recommended to the BOP "that Defendant be designated to a facility that is as close as possible to the New York City metropolitan area." (Doc. No. 130 at 3; *see also* Doc. No. 133 at 35.) Although the Court stands by its recommendation, which would enable Washington to more easily visit with his family and young children, the fact remains that housing determinations are exclusively the province of the BOP, which must weigh a variety of factors. *See* 18 U.S.C. § 3621(b) (providing that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall . . . place the prisoner in a facility as close as practicable to the prisoner's primary residence" and "transfer prisoners to facilities that are closer to the prisoner's primary residence" subject to numerous considerations including bed availability, security concerns, and the prisoner's programmatic, health, and faith-based needs).

Accordingly, IT IS HEREBY ORDERED THAT Washington's request for release or transfer is DENIED.

SO ORDERED.

Dated:   April 30, 2020
         New York, New York

                                                  RICHARD J. SULLIVAN
                                                  UNITED STATES CIRCUIT JUDGE
                                                  Sitting by Designation