UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

RANDY WASHINGTON,

Defendant.

No. 11-cr-605 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

In a letter dated August 9, 2020 and received by the Court on August 27, 2020, Defendant Randy Washington requests, as the Court understands it, compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 170.)  Washington suggested, without elaboration, that he had exhausted his administrative remedies by submitting a request for release with the warden.  The government opposes the request.  (Doc. No. 172.)

As detailed in the government's letter, Washington only submitted his request for compassionate release to the Bureau of Prisons ("BOP") on August 20, 2020, and the BOP has not yet ruled on that request.  As such, Washington has not yet exhausted his administrative remedies.  For this reason, his request for compassionate release must again be denied without prejudice.  As this Court previously explained in ruling on Washington's earlier request, section 3582's exhaustion requirement "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warned of the defendant's facility."  (Doc.

No. 165; *see also United States v. Ogarro*, No. 18-cr-373 (RJS), 2020 WL 1876300, at *3

(S.D.N.Y. Apr. 14, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A))).[1]

Accordingly, IT IS HEREBY ORDERED THAT Washington's request is DENIED

without prejudice.  The Clerk of the Court is respectfully directed to mail a copy of this order to

Washington.

SO ORDERED.

Dated:      September 16, 2020
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] In his letter, Washington also appears to seek additional relief under the First Step Act as it changed the prior conviction criteria for mandatory minimum sentences applicable to certain repeat drug offenders, and he argues "that attempted Hobbs [A]ct [robbery] is not a crime of violence."  (Doc. No. 170 at 1–2.)  To the extent that these efforts can be construed as supplemental arguments relating to Washington's 28 U.S.C. § 2255 petition, the Court will address them in due course in its forthcoming ruling on that petition.