

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 11, 2021

**BY ECF**

The Honorable Richard J. Sullivan
United States Circuit Court Judge
Second Circuit Court of Appeals
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

        Re:    *United States v. Randy Washington*
                 S3 11 Cr. 605 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this letter pursuant to the Court's Order of June 1, 2021 (Dkt. No. 177), directing the Government to respond to the defendant's letter dated May 17, 2021 (the "May 17 Letter"), in which the defendant seeks compassionate release under Section 3582(c) for the third time.[1]  The defendant's third request should be denied based on the defendant's failure to exhaust his administrative remedies.  To the extent that the Court wishes to address the merits of the defendant's application, for the reasons described below, the Government requests a brief adjournment of two weeks to gather additional materials relevant to that determination.

      **A.  Relevant Law**

      Under Section 3582, the Court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Section 3582 only allows a defendant to seek compassionate release from a court, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Failure to exhaust requires denial of a compassionate release motion. *See, e.g., United States v. Demaria*, No. 17 CR. 569 (ER), 2020 WL 1888910, at *4 (S.D.N.Y. Apr. 16, 2020).  Indeed, as this Court has explained, Section 3582(c)'s exhaustion requirement is

---

[1]  The Court denied the defendant's two prior requests for early release by Orders dated April 30, 2021 (Dkt. No. 165), May 12, 2021 (Dkt. No. 167), and September 16, 2021 (Dkt. No. 173).

Letter to the Honorable Richard J. Sullivan
June 11, 2021

"clear as day" and is therefore mandatory.  *United States v. Ogarro*, No. 18 Cr. 373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020).

The Second Circuit has held that for a Section 3582(c)(1)(A) motion brought by a defendant (rather than by BOP), the policy statement set forth in U.S.S.G. § 1B1.13 is not applicable, and therefore neither it nor the BOP's Program Statement constrains a district court's discretion to determine what reasons qualify as "extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).  The Second Circuit did not define what qualifies as "extraordinary and compelling" under the statute, apart from noting the directive in 28 U.S.C. § 994(t) that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* at 238 (emphasis omitted).

Regardless of the theory of "extraordinary and compelling reasons" under which a defendant proceeds, the 18 U.S.C. § 3553(a) factors are relevant to whether release is warranted.  *See* 18 U.S.C. § 3582(c)(1)(A).

As the proponent of release, the defendant bears the burden of proving that "extraordinary and compelling reasons" exist.  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."); *United States v. Ebbers*, No. 02 Cr. 1144 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

**B.  Discussion**

As a threshold matter, the defendant's request for early release must be rejected because the defendant has failed to exhaust his administrate remedies.  In his May 17 Letter, the defendant seeks early release because he was recently notified by the California Department of Children and Family Services ("DCFS") that he may be the father of a minor (12 year old) child, who was born in or about 2009.  The child is the subject of pending juvenile dependency hearings in California, as the mother allegedly has been found unfit to care for the child.  The defendant argues that he should be released so that he can take custody of the child and raise the child.

The defendant has never submitted an administrative request to the Warden arguing that he is entitled to compassionate release based on his potential paternity claim.[2]  He has therefore not exhausted his administrative remedies with respect to the new compassionate release claim raised in the May 7 Letter.  Because such exhaustion is mandatory, the Court lacks the authority to grant compassionate release on that basis at this time.  *See United States v. Nwankwo*, No. 12 CR 31(VM), 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020) ("Assuming, as Nwankwo argues, that these are new bases for compassionate release, exhaustion of Nwankwo's renewed

---

[2]  Based on records obtained from the Bureau of Prisons ("BOP"), the defendant has filed just one compassionate release request with the BOP, dated August 20, 2020.  In that request, the defendant sought early release based on the fact that his mother and grandmother had recently passed away and that he was "scared to die of the corona."  The Warden at the facility where the defendant was then housed denied that request on or about September 30, 2020.

Letter to the Honorable Richard J. Sullivan
June 11, 2021

request would be required."); *but see United States v. Torres*, 464 F. Supp. 3d 651, 655 (S.D.N.Y. 2020) (no requirement of "issue exhaustion"); *United States, v. McIntosh*, No. 12 CR. 72 (ER), 2021 WL 1660682, at *3 (S.D.N.Y. Apr. 28, 2021) (collecting cases for same)."

      Turning to the merits, the Government has contacted the DCFS social worker (the "Social Worker") assigned to the juvenile dependency proceedings referenced in the defendant's May 17 Letter. A hearing in those proceedings was held on or about May 21, 2021 (the "May 21 Hearing"); the Government is currently making efforts to secure a transcript of the May 21 Proceeding. According to the Social Worker, at the May 21 Hearing, the court indicated that any parental rights held by the defendant would very likely be terminated at the next hearing, scheduled on August 16, 2021. Indeed, the "Notice of Hearing" appended to the defendant's May 17 Letter makes clear that the Social Worker is recommending the termination of any parental rights the defendant may have. In light of the above, to the extent that the Court wishes to address the merits of the defendant's application, the Government seeks a brief adjournment of approximately two weeks, as it attempts to obtain a copy of the transcript of May 21 Hearing.

                                          Respectfully submitted,

                                          AUDREY STRAUSS
                                          United States Attorney

      By:      _____
                     Christopher J. DiMase
                     Assistant United States Attorney
                     (212) 637-2433

cc:    Randy Washington, USMS # 65266-054 (by U.S. mail)